IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC APARTMENT INVESTORS LLC, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:17-cv-2189-TWT-JKL |
| CARL NORTHROP, | |
| Defendant. | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Carl Northrop's application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering Northrop's application, I cannot, without more information about his expenses, determine that he meets the requirements for IFP status. It is clear, however, that the Court lacks subject matter jurisdiction over this action. I therefore **GRANT** Northrop's request for proceed IFP for the limited purpose of remand, and I **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.

In the underlying dispossessory action, filed on May 16, 2017, in the Magistrate Court of Fulton County, Plaintiff Atlantic Apartment Investors LLC ("Atlantic Apartment Investors") alleged that Northrop was a tenant in one of its apartments but failed to pay his rent, which was past due. [Doc. 1-1 at 3.] Atlantic Apartment Investors demanded possession of the premises, past due rent of $5,584 for the months of April and May, present rent accruing at a rate of $2,792 each month, $558 in late fees, $120 in utilities, and $241 in storage fees. [*Id.*]

On June 14, 2017, Northrop filed the instant notice of removal, arguing that the Court has subject matter jurisdiction over his state dispossessory action because Atlantic Apartment Investors violated the Fair Debt Collection Practices Act and the Fair Housing Act by initiating an eviction action against him. [Doc. 1-1 at 1-2.] He also appears to argue that this Court has jurisdiction over the dispossessory case because the case arises under the Bankruptcy Code, pursuant to 28 U.S.C. § 1334. [*Id.*]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C.

§ 1441(a). Here, however, the underlying case is a state dispossessory action and demand for rent and various fees, containing no federal claim. [Doc. 1-1 at 3.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Northrop wishes to raise counterclaims based on federal law, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Although Northrop argues that this Court has jurisdiction over the removal action under § 1334, which provides that district courts have jurisdiction over cases arising in or related to Title 11 bankruptcy cases, he has not shown that his dispossessory case arises from or is related to any Title 11 case. *See* 28 U.S.C. § 1334; *Wesley Apartment Homes, Inc. v. Andrews*, No. 1:10-cv-3005-TWT-LTW, 2010 WL 5690356, at *2 (N.D. Ga. Dec. 7, 2010), *report and recommendation adopted* 2011 WL 345828 (N.D. Ga. Feb. 1, 2011). Moreover,

3

nothing in the notice of removal suggests that Northrop has a currently pending bankruptcy petition.

Northrop also has made no attempt to show that diversity jurisdiction exists in this case, and it is clear from the dispossessory complaint that there is no diversity jurisdiction here. *See* 28 U.S.C. § 1332(a). It appears that both parties are Georgia citizens, and, thus, the parties are not diverse. Moreover, Atlantic Apartment Investors' dispossessory claim cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a), and its claim for damages did not exceed $75,000. *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy).

In sum, the Court **GRANTS** Northrop's IFP application [Doc. 1] for the limited purpose of remand. Because it is clear that this Court lacks jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED AND RECOMMENDED this 15th day of June, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge